1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    TANBEER SINGH BRAR,                    Case No. 1:25-cv-00527-CDB

12                  Plaintiff,               ORDER REQURING PLAINTIFF TO SHOW
                                             CAUSE WHY THIS ACTION SHOULD NOT
13           v.                              BE DISMISSED FOR LACK OF SUBJECT
                                             MATTER JURISDICTION
14    MICROSOFT CORPORATION,
                                             (Doc. 1)
15                  Defendant.
                                             **21-DAY DEADLINE**
16

17           Plaintiff Tanbeer Singh Brar initiated this action with the filing of a complaint against

18    Defendant Microsoft Corporation on May 5, 2025.  (Doc. 1).

19           **Background**

20           The Court has a duty to consider its own subject matter jurisdiction, regardless of whether

21    the issue is raised by the parties and is required to dismiss an action over which it lacks

22    jurisdiction.  *See Morongo Bank of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d

23    1376, 1380 (9th Cir. 1988); Fed. R. Civ. P. 12(h)(3).

24           Plaintiff's allegations are difficult to follow but he appears to assert that, among other

25    things, Defendant "violated data breach and First Amendment" by preventing Plaintiff from

26    proceeding in Court regarding "modifications in the softwares and products" and violated the

27    Fifth Amendment by "promoting and involving in the crime and making editing and

28    modifications of the products …"  (Doc. 1 at 4).  The complaint further alleges that Plaintiff is a

1    citizen of California (*id.* at 3) and Defendant has its principal place of business in Delaware (*id.* at

2    4).  Plaintiff does not state under the laws of which state Defendant is incorporated, though he

3    provides Defendant's address to be in Washington state (*id.* at 2).

4        Although Plaintiff does not expressly plead the basis for which this Court properly has

5    jurisdiction, on page three of the form complaint where a plaintiff is required to indicate the basis

6    for jurisdiction, Plaintiff checked "[d]iversity of citizenship."

7        **<u>Discussion</u>**

8        Federal courts have limited jurisdiction and can adjudicate only those cases which the

9    United States Constitution and Congress authorize them to adjudicate.  *Kokkonen v. Guardian*

10   *Life Ins. Co.*, 551 U.S. 375 (1994). "To proceed in federal court, a plaintiff's pleading must

11   establish the existence of subject matter jurisdiction.  Generally, there are two potential bases for

12   the federal subject matter jurisdiction: (1) federal question jurisdiction, or (2) diversity

13   jurisdiction." *Martinez v. Hoff*, No. 1:19-cv-00923-LJO-SKO, 2019 WL 3564178, at *1 (E.D.

14   Cal. Aug. 6, 2019).

15        **A.**      **Diversity Jurisdiction**

16        28 U.S.C. § 1332(a) vests district courts with original jurisdiction over all civil actions

17   where the amount in controversy exceeds $75,000 and is between citizens of different states.

18   Section 1332 requires complete diversity, i.e., that "the citizenship of each plaintiff is diverse

19   from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996).  A

20   corporation is deemed to be a citizen of any State by which it has been incorporated and of the

21   State where it has its principal place of business.  *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 94

22   (2005) (citing 28 U.S.C. § 1332(c)(1)).  "Subject-matter jurisdiction can never be waived or

23   forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when

24   not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

25        Here, in an attempt to establish subject matter jurisdiction, Plaintiff alleges diversity of

26   citizenship.  (Doc. 1 at 3).  Plaintiff alleges that he is a citizen of California.  (*Id.*).  However, he

27   alleges that Defendant has its principal place of business in Delaware but does not provide where

28   Defendant is incorporated (*id.* at 4), though he provides an address in Washington state (*id.* at 2).

1     In support of the amount in controversy requirement, he alleges the amount at stake is

2     $25,000,000.00. (*Id.*).

3        Although the amount in controversy alleged exceeds the statutory requirement, Plaintiff

4     has not provided Defendant's state of incorporation and, thus, the Court is uncertain whether

5     complete diversity exists. However, as discussed further below, even if Plaintiff successfully

6     alleges complete diversity, Plaintiff's claims appear to be brought under federal law, namely the

7     First and Fifth Amendments, which require that Defendant have acted under color of state law or

8     as a federal government actor.

9              **B.**      **Federal Question Jurisdiction**

10        A case "arises" under federal law either where federal law itself creates the cause of action

11     or where the vindication of a state law right would "necessarily [turn] on some construction of

12     federal law." *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002)

13     (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)).

14     Stated otherwise, a claim arises under federal law if the complaint cognizably pleads that federal

15     law created the claim asserted or the plaintiff's right to relief necessarily depends on resolving a

16     substantial question of federal law. *Franchise Tax Bd*, 463 U.S. at 27-28. Courts determine

17     whether they have federal question jurisdiction by applying the "well-pleaded complaint rule."

18     *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[F]ederal jurisdiction exists only when

19     a federal question is presented on the face of the plaintiff's properly pleaded complaint." (*Id.*).

20     Federal question jurisdiction does not arise from the "mere presence of a federal issue in a state

21     cause of action." *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986); *see Grable*

22     *& Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (holding that

23     passing references to federal issues are not a "password opening federal courts to any state action

24     embracing a point of federal law").

25        Here, Plaintiff's complaint is unclear as to his precise allegations and does not provide

26     discrete claims or causes of action. While Plaintiff's complaint references in passing the First and

27     Fifth Amendments (Doc. 1 at 4), mere references to federal statutes are not enough to establish

28     federal jurisdiction. *See, e.g., Alan v. Equifax*, No. CV 19-6588-DMG (ASX), 2019 WL

1    5801891, at *2 (C.D. Cal. Nov. 6, 2019).  In the complaint, Plaintiff fails to articulate how either

2    the First Amendment or Fifth Amendment constitutes cognizable grounds for relief.   Moreover,

3    to prevail on a claim under the First or Fifth Amendment, Plaintiff must plead that Defendant

4    acted under color of state law or was a federal government actor, respectively.  *See Florer v.*

5    *Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011); *see also Morrow v.*

6    *Target Dept. Stores*, No. 2:11–cv–00785–JCM–CWH, 2012 WL 1931236, at *2 (D. Nev. May

7    29, 2012) (noting that the due process clause of the Fifth Amendment applies only to actors in the

8    federal government).  Plaintiff's complaint does not cognizably plead (nor is it likely Plaintiff

9    could amend the complaint to cognizably plead) that Microsoft Corporation is either a state or

10   federal actor or exercised some right created by state law constituting any alleged deprivation of

11   Plaintiff's constitutional rights.

12          Accordingly, it appears this Court lacks jurisdiction and that the claims pleaded under the

13   First and Fifth Amendments to the U.S. Constitution are not cognizable.

14          **Conclusion and Order**

15          For the foregoing reasons, IT IS HEREBY ORDERED that **within 21 days** from the date

16   of issuance of this order, Plaintiff SHALL show cause in writing why this action should not be

17   dismissed for lack of subject matter jurisdiction and for failure to state a cognizable claim.

18          **Any failure by Plaintiff to comply with this Order will result in the imposition of**

19   **sanctions, including a recommendation to dismiss of the entire action without prejudice.**

20   Fed. R. Civ. P. 41(b) (stating that dismissal is warranted "[i]f the plaintiff fails to … comply

21   with … a court order"); *see Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689

22   (9th Cir. 2005).

23   IT IS SO ORDERED.

24      Dated:   **May 7, 2025**

25                                                   UNITED STATES MAGISTRATE JUDGE

26

27

28