UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANBEER SINGH BRAR,<br><br>    Plaintiff,<br><br>    v.<br><br>MICROSOFT CORPORATION,<br><br>    Defendant. | Case No. 1:25-cv-00527-CDB<br><br>ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>(Doc. 2)<br><br>ORDER DENYING MOTION FOR PROTECTION OF RIGHTS<br><br>(Doc. 5)<br><br>FIRST SCREENING ORDER REQUIRING RESPONSE FROM PLAINTIFF<br><br>(Doc. 1)<br><br>**21-DAY DEADLINE** |

Plaintiff Tanbeer Singh Brar, proceeding pro se, initiated this action with the filing of a complaint against Defendant Microsoft Corporation on May 5, 2025. (Doc. 1). This matter is before the court on a screening of the complaint. Plaintiff did not pay the filing fee and instead filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 2). Plaintiff asserts the Court may exercise diversity jurisdiction over the action under 28 U.S.C. § 1332. (Doc. 1 at 3).

Upon screening, the Court finds that Plaintiff has not pled sufficient facts to state a cognizable claim upon which relief may be granted. For the reasons set forth below, Plaintiff is

ordered to file a first amended complaint or, if he is unable to correct the deficiencies outlined below, voluntarily dismiss this action.

## I.      Motion to Proceed *In Forma Pauperis*

Plaintiff has filed a motion to proceed *in forma pauperis* without prepaying fees or costs pursuant to 28 U.S.C. § 1915.  (Doc. 2).  The Court finds Plaintiff has made the showing required by § 1915, and the request to proceed *in forma pauperis* will be granted.  *See* 28 U.S.C. § 1915(a) (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees).

## II.     Motion for Protection of Rights

On May 15, 2025, Plaintiff filed a document titled "motion for protection rights [sic] pursuant to the First Amendment."  (Doc. 5).  It is unclear what Plaintiff is requesting in his filing.  Plaintiff asks that the Court should have "orally statement by obtaining my physical presence this Court to which the Court have to scheduling court hearing."  (*Id.* at 8).  He requests the Court to "not take anymore decision and to not make any order for findings, recommendation and any order to show cause in written."  (*Id.*).  Though Plaintiff's filing is unclear, insofar as its contents can be understood, it appears that Plaintiff seeks a hearing in this Court where he may appear in person and for the Court to cease issuing certain orders and recommendations.  Plaintiff asserts, among other things, that Defendant's "computer scientist" removed his "identification from profile at Azure Portal due to matter was raised by [Plaintiff] about their online security and safety."  (*Id.* at 1).

Plaintiff's complaint is before the Court for screening and, as such, any hearing regarding the substance of the complaint is premature.  As to the Court ceasing certain decisions, such as orders to show cause and findings and recommendations, Plaintiff offers no comprehensible reasoning or citations supporting such an expansive request.  Accordingly, Plaintiff's motion (Doc. 5) will be denied.

## III.    Screening Requirement

Pursuant to 28 U.S.C. § 1915(e)(2)(B), federal courts must screen *in forma pauperis* complaints and dismiss any case that is "frivolous or malicious," "fails to state a claim on which

relief may be granted" or seeks monetary relief against an immune defendant. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim."); *see also id.* at 1129) ("section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners.").

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief…" Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Pleadings by self-represented litigants are to be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled,"[1] and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted).

### IV. Discussion

#### a. Jurisdiction

On May 8, 2025, the Court ordered Plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction. (Doc. 3). In his response, Plaintiff asserted that the Court possessed jurisdiction due to complete diversity between the parties, as Plaintiff is a citizen of California and Defendant is a citizen of both Delaware and Washington, with the

---

[1] *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted).

1  amount in controversy being either $44,000,000.00 or $25,000,000.00.  (Doc. 4 at 1-2).

2  For a federal court to exercise diversity jurisdiction, the citizens must be of different states
3  and the amount in controversy must exceed $75,000.  28 U.S.C. § 1332(a).  The amount in
4  controversy is generally determined from the face of the pleadings.  *See Crum v. Circus Circus*
5  *Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000).  The party asserting diversity jurisdiction must
6  prove that the amount in controversy exceeds $75,000, bearing in mind that "[c]onclusory
7  allegations as to the amount in controversy are insufficient."  *Matheson v. Progressive Specialty*
8  *Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–
9  67 (9th Cir. 1992)).

10  Here, Plaintiff has not plausibly alleged that the amount in controversy is and/or exceeds
11  $75,000.  As set forth below, Plaintiff's claims sound in breach of contract or breach of warranty,
12  and there are no facts alleged from which the Court reasonably may infer that any such violations
13  caused Plaintiff to suffer damages in the amount of $25,000,000.00.  *E.g., Malik v. Malik* , No.
14  2:23-cv-01344 TLN CKD (PS), 2024 WL 2259154, at *4 (E.D. Cal. May 17, 2024) ("as plaintiff
15  has alleged no legal or factual basis for the claimed damages of $50 million, the amount in
16  controversy requirement is not met"); *Parker v. U.S. Bank Trust, N.A.*, No. CV 20-9697-ODW-
17  RAOx, 2020 WL 7479633, at *2 (C.D. Cal. Dec. 18, 2020) (noting that a "facially implausible
18  figure does not satisfy the amount in controversy requirement.").

19  However, Plaintiff may be able to remedy the deficiency in his pleading of amount in
20  controversy, and as such, will be granted leave to amend to the extent he can, in good faith,
21  plausibly allege an amount in controversy in excess of $75,000.

22  **b. Allegations in the Complaint**

23  As a preliminary matter, Plaintiff's complaint is not properly signed pursuant to Local
24  Rules 101 and 131, but rather, bears Plaintiff's typewritten name on the signature line (Doc. 1 at
25  5).  Plaintiff's complaint must bear a handwritten signature.  *See* E.D. Cal. Local Rule 101, 131
26  (permitting electronic/typeface signatures only upon documents filed electronically).

27  The allegations in Plaintiff's complaint are difficult to follow but he appears to assert that,
28  among other things, Defendant "violated data breach and First Amendment" by preventing

4

1    Plaintiff from proceeding in Court regarding "modifications in the softwares [sic] and products"
2    and violated the Fifth Amendment by "promoting and involving in the crime and making editing
3    and modifications of the products …"  (Doc. 1 at 4).
4         Here, Plaintiff's complaint is unclear as to his precise allegations and does not provide
5    discrete claims or causes of action.  Plaintiff fails to articulate how either the First Amendment or
6    Fifth Amendment constitutes cognizable grounds for relief.   Moreover, to prevail on a claim
7    under the First or Fifth Amendment, Plaintiff must plead that Defendant acted under color of state
8    law or was a federal government actor, respectively.  *See Manhattan Cmty. Access Corp. v.*
9    *Halleck* , 587 U.S. 802, 808 (2019) ("The Free Speech Clause does not prohibit *private*
10   abridgment of speech") (emphasis in original) (citing cases); *Florer v. Congregation Pidyon*
11   *Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011) (noting that private actor may not violate the
12   First Amendment unless its conduct is "fairly attributable to the state"); *see also Morrow v.*
13   *Target Dept. Stores*, No. 2:11–cv–00785–JCM–CWH, 2012 WL 1931236, at *2 (D. Nev. May
14   29, 2012) (noting that the due process clause of the Fifth Amendment applies only to actors in the
15   federal government).  Plaintiff's complaint does not cognizably plead that Microsoft Corporation
16   is either a state or federal actor or exercised some right created by state law constituting any
17   alleged deprivation of Plaintiff's constitutional rights.
18        Accordingly, Plaintiff's claims brought pursuant to the First and Fifth Amendments to the
19   U.S. Constitution are not cognizable.
20        **c.   Allegations in Plaintiff's Response**
21        In his response to the Court's order to show cause (Doc. 4), Plaintiff elaborates that he
22   seeks relief for Microsoft's "unlawful involvement in my legal personal obligation by changing
23   functionality of product" by, among other things, "proceed[ing] to put and add filters and change
24   sorting system of produce Azure Portal and Office 365."  Plaintiff asserts Defendants undertook
25   such action "with purpose to threat me" by "block my all these services and products which was
26   required."  Plaintiff also refers to a "separate action [that] is already filed against Google Inc.
27   about my issues," among other assertions that are difficult to follow.  (*See* Doc. 4).
28        Plaintiff does not provide discrete claims or causes of action.  He provides the amount in

controversy to be $44,000,000.00 (*id.* at 1) but later reiterates the amount in controversy to be $25,000,000.00 (*id.* at 2).

Accordingly, Plaintiff fails to plead any cognizable claims. Though it is not entirely clear to the Court due to the difficulty of discerning Plaintiff's assertions, Plaintiff's claims appear to sound in breach of warranty or breach of contract. The Court will provide the standard of law for each below and grant Plaintiff leave to amend his complaint to correct the deficiencies, assuming he can do so in good faith.

### *i.     Breach of Express Warranty*

California law states:

> (1) Express warranties by the seller are created as follows:
> (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.
> (b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.
> (c) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.
> (2) It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty.

Cal. Com. Code § 2313.

To assert a cognizable claim of breach of express warranty under California law, a "plaintiff must prove (1) the seller's statements constitute an 'affirmation of fact or promise' or a 'description of the goods'; (2) the statement was 'part of the basis of the bargain'; and (3) the warranty was breached." *Weinstat v. Dentsply Int'l, Inc.*, 180 Cal. App. 4th 1213, 1227 (2010) (quoting *Keith v. Buchanan*, 173 Cal.App.3d 13, 20 (1985)). "Statements constituting 'mere puffery' cannot support liability under a claim for breach of warranty." *Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978, 987 (N.D. Cal. 2009). "The distinguishing characteristics of puffery are vague, highly subjective claims as opposed to specific, detailed factual assertions." *Id.* (quotation

1  omitted).  The core substance of an express warranty is composed of the seller's representations regarding "a particular product's performance specification based on its design."  *Bros. v. Hewlett-Packard Co.*, No. C-06-02254RMW, 2007 WL 485979, at *7 (N.D. Cal. Feb. 12, 2007).

### ii. Breach of Implied Warranty

To assert a cognizable claim for breach of implied warranty of merchantability under California law, a plaintiff must allege a "fundamental defect that renders the product unfit for its ordinary purpose." *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1142 (N.D. Cal. 2010).  The implied warranty of merchantability does not establish "a general requirement that goods precisely fulfill the expectation of the buyer.  Instead, it provides for a minimum level of quality." *Am. Suzuki Motor Corp. v. Super. Ct.*, 37 Cal. App. 4th 1291, 1296 (1995), *as modified on denial of reh'g* (Sept. 21, 1995).

An implied warranty can be disclaimed by use of language that, in common understanding, would call to the buyer's attention the exclusion of warranties and make "plain that there is no implied warranty." *Minkler v. Apple, Inc.*, 65 F. Supp. 3d 810, 819 (N.D. Cal. 2014) (citing Cal. Com. Code § 2316(3)(a)).  Examples of such exclusionary language are expressions like "as is" or "with all faults."  *Id.*

### iii. Breach of Contract

To assert a cognizable breach of contract claim under California law, a plaintiff must establish that "a contract exists between the parties, that the plaintiff performed his contractual duties or was excused from nonperformance, that the defendant breached those contractual duties, and that plaintiff's damages were a result of the breach."  *Boland, Inc. v. Rolf C. Hagen (USA) Corp.*, 685 F. Supp. 2d 1094, 1101 (E.D. Cal. 2010) (citations omitted).  Plaintiff must show that "in essence, [] defendant deprived the plaintiff of a benefit conferred by the contract in violation of the parties' expectations at the time of contracting."  *Id.*

## V.   Conclusion and Order

For the reasons set forth above, the Court finds the complaint fails to plausibly allege that the amount in controversy requirement is met such that the Court may exercise diversity jurisdiction over the action.  Separately, Plaintiff's complaint fails to state any cognizable claim against

1  Defendant.  Because he may be able to cure the deficiencies in his pleading, Plaintiff will be granted
2  leave to amend his complaint to cure the identified deficiencies to the extent he is able to do so in
3  good faith.  *Lopez*, 203 F.3d at 1130.

4  If Plaintiff wishes to file a first amended complaint, any such amended complaint should be
5  brief (Fed. R. Civ. P. 8(a)) but it must state what each named defendant did that led to the alleged
6  harm or deprivation of Plaintiff's constitutional rights (*Iqbal*, 556 U.S. at 678-79).  Although
7  accepted as true, the "[f]actual allegation must be [sufficient] to raise a right to relief above the
8  speculative level[.]"  *Twombly*, 550 U.S. at 555 (citations omitted).  Additionally, Plaintiff may
9  not change the nature of this suit by adding new, unrelated claims in his amended complaint.
10 *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (explaining no "buckshot" complaints
11 permitted).

12 As noted above, Plaintiff's complaint is not properly signed pursuant to Local Rules 101
13 and 131, but rather, bears Plaintiff's typewritten name on the signature line.  Accordingly, Plaintiff
14 must review and comply with the Local Rules, including these rules that require he affix his actual
15 or a facsimile copy of his signature on any amended complaint.

16 Finally, an amended complaint supersedes the original complaint.  *Lacey v. Maricopa*
17 *Cnty.*, 693 F.3d 896, 907 n.2 (9th Cir. 2012).  If Plaintiff elects to proceed with this action by
18 filing an amended complaint, the Court cannot refer to a prior pleading in order to make an
19 amended complaint complete.  *See* E. D. Cal. Local Rule 220.  The **amended complaint must be**
20 **complete in itself without reference to the prior or superseded pleading**.  Once the amended
21 complaint is filed, the original pleading no longer serves any function in the case.  Thus, in the
22 amended complaint, **Plaintiff must re-plead all elements of his claims, including all relevant**
23 **facts, even the ones not addressed by this screening order.**

24 Accordingly, IT IS HEREBY ORDERED:
25 1. Plaintiff's application to proceed *in forma pauperis* (Doc. 2) is GRANTED;
26 2. Plaintiff's motion for protection of rights (Doc. 5) is DENIED; and
27 3. **Within 21 days** from the date of service of this order, Plaintiff must either:
28     a. File a first amended complaint curing the deficiencies identified by the Court in

this order; or

b. File a notice of voluntary dismissal. *See* Fed. R. Civ. P. 41(a)(1)(A)(i).

**If Plaintiff fails to timely comply with this order, the Court will recommend that this action be dismissed for lack of subject matter jurisdiction and for failure to state a claim, failure to obey a court order, and/or failure to prosecute.**

IT IS SO ORDERED.

Dated:   **June 5, 2025**

UNITED STATES MAGISTRATE JUDGE