UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANBEER SINGH BRAR,<br><br>    Plaintiff,<br><br>    v.<br><br>MICROSOFT CORPORATION,<br><br>    Defendant. | Case No. 1:25-cv-00527-CDB<br><br>FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION, FAILURE TO OBEY A COURT ORDER, AND FAILURE TO PROSECUTE<br><br>(Docs. 1, 6, 7)<br><br>ORDER DENYING MOTION TO PROTECT RIGHTS<br><br>(Doc. 7)<br><br>**14-DAY DEADLINE**<br><br><u>Clerk of the Court to Randomly Assign District Judge</u> |

Plaintiff Tanbeer Singh Brar, proceeding pro se and *in forma pauperis*, initiated this action with the filing of a complaint against Defendant Microsoft Corporation on May 5, 2025. (Doc. 1). The undersigned addresses Plaintiff's filings and issues the following findings and recommendations below.

**I.     Factual Allegations and Background**

Plaintiff's allegations are difficult to follow but he appears to assert that, among other things, Defendant "violated data breach and First Amendment" by preventing Plaintiff from

1  proceeding in Court regarding "modifications in the softwares [sic] and products" and violated the
2  Fifth Amendment by "promoting and involving in the crime and making editing and modifications
3  of the products …" (Doc. 1 at 4).
4        On May 8, 2025, the undersigned issued an order requiring Plaintiff to show cause why this
5  action should not be dismissed for lack of subject matter jurisdiction. (Doc. 3). Plaintiff filed his
6  response on May 14, 2025. (Doc. 4). On June 6, 2025, the Court issued its first screening order,
7  finding Plaintiff had not plausibly alleged that the amount in controversy is, or exceeds, $75,000 as
8  required for a federal district court to exercise diversity jurisdiction over the parties (Doc. 6 at 4)
9  and that Plaintiff had failed to cognizably plead that Defendant is either a state or federal actor or
10 exercised some right created by state law constituting any alleged deprivation of Plaintiff's
11 constitutional rights, as required for his claims brought pursuant to the First and Fifth Amendments
12 (*id.* at 5).
13       Plaintiff was ordered to file either a first amended complaint curing the deficiencies
14 identified in the screening order or a notice of voluntary dismissal. *Id.* at 8. On June 12, 2025,
15 Plaintiff filed a document labeled "motion to protect rights and protection from threat to close this
16 case." (Doc. 7).
17 **II.    Discussion**
18       Federal courts have limited jurisdiction and can adjudicate only those cases which the
19 United States Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life*
20 *Ins. Co.*, 551 U.S. 375 (1994). "To proceed in federal court, a plaintiff's pleading must establish
21 the existence of subject matter jurisdiction. Generally, there are two potential bases for the federal
22 subject matter jurisdiction: (1) federal question jurisdiction, or (2) diversity jurisdiction." *Martinez*
23 *v. Hoff*, No. 1:19-cv-00923-LJO-SKO, 2019 WL 3564178, at *1 (E.D. Cal. Aug. 6, 2019).
24       A review of the complaint reveals that it should be dismissed because it lacks any basis for
25 subject matter jurisdiction. And as a further independent basis, Plaintiff has failed to obey this
26 Court's order and prosecute this action.
27       **A.    Diversity Jurisdiction**
28       28 U.S.C. § 1332(a) vests district courts with original jurisdiction over all civil actions

where the amount in controversy exceeds $75,000 and is between citizens of different states. Section 1332 requires complete diversity, i.e., that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996). A corporation is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 94 (2005) (citing 28 U.S.C. § 1332(c)(1)). "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). As for the $75,000 jurisdicitional threshold, the amount in controversy generally is determined from the face of the pleadings. *See Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000). The party asserting diversity jurisdiction must prove that the amount in controversy exceeds $75,000, bearing in mind that "[c]onclusory allegations as to the amount in controversy are insufficient." *Matheson v. Progressive Specialty Ins. Co*., 319 F.3d 1089, 1090–91 (9th Cir. 2003) (citing *Gaus v. Miles, Inc*., 980 F.2d 564, 566–67 (9th Cir. 1992)).

Here, though Plaintiff has plausibly alleged that the parties are citizens of different states, Plaintiff has not plausibly alleged that the amount in controversy is, and/or exceeds, $75,000. Plaintiff's claims sound in breach of contract or breach of warranty, and there are no facts alleged from which the Court reasonably may infer that any such violations caused Plaintiff to suffer damages in the amount of $25,000,000.00. *E.g.*, *Malik v. Malik*, No. 2:23-cv-01344 TLN CKD (PS), 2024 WL 2259154, at *4 (E.D. Cal. May 17, 2024) ("as plaintiff has alleged no legal or factual basis for the claimed damages of $50 million, the amount in controversy requirement is not met"); *Parker v. U.S. Bank Trust, N.A.*, No. CV 20-9697-ODW-RAOx, 2020 WL 7479633, at *2 (C.D. Cal. Dec. 18, 2020) (noting that a "facially implausible figure does not satisfy the amount in controversy requirement."). In his response to the Court's order to show cause, Plaintiff merely states that, among other things, the $25,000,000.00 claim arises from "unlawful involvement in my legal personal obligation by changing functionality of product …" (Doc. 4 at 2).

As such, Plaintiff fails to establish the amount in controversy requirement and this Court lacks jurisdiction under 28 U.S.C. § 1332(a). In its first screening order, the Court advised Plaintiff

of this defect and provided him an opportunity to properly allege the amount in controversy in an amended complaint. Plaintiff failed to do so. Accordingly, further leave to amend is unwarranted because it would be futile.

### B.     Federal Question Jurisdiction

Notwithstanding the absence of diversity jurisdiction over this case, the Court could exercise federal question jurisdiction over Plaintiff's claims to the extent he cognizably asserts claims under federal law.

A case "arises" under federal law either where federal law itself creates the cause of action or where the vindication of a state law right would "necessarily [turn] on some construction of federal law." *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). Stated otherwise, a claim arises under federal law if the complaint cognizably pleads that federal law created the claim asserted or the plaintiff's right to relief necessarily depends on resolving a substantial question of federal law. *Franchise Tax Bd*, 463 U.S. at 27-28. Courts determine whether they have federal question jurisdiction by applying the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*. Federal question jurisdiction does not arise from the "mere presence of a federal issue in a state cause of action." *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986); *see Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (holding that passing references to federal issues are not a "password opening federal courts to any state action embracing a point of federal law").

Here, Plaintiff's complaint is unclear as to his precise allegations and does not provide discrete claims or causes of action. While Plaintiff's complaint references in passing the First and Fifth Amendments (Doc. 1 at 4), mere references to federal statutes are not enough to establish federal jurisdiction. *See*, *e.g.*, *Alan v. Equifax*, No. CV 19-6588-DMG (ASX), 2019 WL 5801891, at *2 (C.D. Cal. Nov. 6, 2019). In the complaint, Plaintiff fails to articulate how either the First Amendment or Fifth Amendment constitutes cognizable grounds for relief.

1   Moreover, to prevail on a claim under the First or Fifth Amendment, Plaintiff must plead
2   that Defendant acted under color of state law or was a federal government actor, respectively. *See*
3   *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011); *see also Morrow*
4   *v. Target Dept. Stores*, No. 2:11–cv–00785–JCM–CWH, 2012 WL 1931236, at *2 (D. Nev. May
5   29, 2012) (noting that the due process clause of the Fifth Amendment applies only to actors in the
6   federal government) (citing *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008). Plaintiff's
7   complaint does not cognizably plead that Microsoft Corporation either is a state or federal actor or
8   exercised some right created by state law constituting any alleged deprivation of Plaintiff's
9   constitutional rights.

10   Plaintiff does not address these deficiencies identified in the Court's show cause order
11   regarding subject matter jurisdiction. (Doc. 3). Plaintiff merely states in his response that
12   Defendant changed functionality of its products, such as PowerPoint, Azure Portal, and Office 365,
13   among other things of which none are responsive. *See* (Doc. 4).

14   Thus, this Court lacks subject matter jurisdiction as the amount in controversy requirement
15   is not met and no federal question is presented on the face of the complaint. Because he was
16   afforded an opportunity to remedy these defects but failed to do so, extending further leave to
17   amend is unwarranted because it would be futile.

18   **C.    Failure to Obey Court Orders and Prosecute the Action**

19   Additionally, Plaintiff has failed to obey Court orders and prosecute this action. Plaintiff
20   was provided an opportunity to amend his complaint to address the deficiencies set forth above.
21   (Doc. 6). On June 12, 2025, Plaintiff filed a "motion to protect rights and protection from threat to
22   close this case." (Doc. 7). Therein, Plaintiff does not address any of the deficiencies already noted.
23   Plaintiff asks the Court to "take action against preparer of these court orders" and to treat this case
24   as an "emergency." *Id.* at 2. Among numerous other things, Plaintiff mentions Defendant
25   overlapping his "system" and adding extra unwanted filters to "hide tools from their products," that
26   Defendant is "guilty of conspiracy" (*id.* at 7), that the Court does not have "any legal process to let
27   them continuing threat [sic] [Plaintiff] to change allegations in [his complaint]" (*id.* at 11; emphasis
28   omitted), and requests the Court to protect his rights, refrain from closing the case, and direct the

Clerk of the Court to issue summons (*id.* at 15).

Plaintiff's filing does not address the deficiencies identified in the Court's screening order (Doc. 6), nor does Plaintiff attach to it any amended complaint. Thus, Plaintiff did not file any amended complaint and the time to do so has expired.

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. Local Rule 110. The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See*, *e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

Here, Plaintiff has failed to comply with the Court's orders and Local Rules. Plaintiff has filed no response to the Court's order granting him leave to amend his complaint and the time to do so has passed. There are no other reasonable alternatives available to address Plaintiff's failure to respond and otherwise obey this Court's orders. Thus, the first and second factors—the

expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor, risk of prejudice to Defendant, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). This matter cannot proceed further without Plaintiff's participation to prosecute the case and explain to the Court why his claims should not be dismissed. The presumption of injury holds given Plaintiff's unreasonable delay in prosecuting this action. Thus, the third factor—a risk of prejudice to the Defendant—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits. He has instead failed to comply with this Court's orders and the Local Rules and, thus, is impeding the progress of this action. Therefore, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, Plaintiff was informed that failure to comply with the screening order will result in the recommendation that "**this action be dismissed for lack of subject matter jurisdiction and for failure to state a claim, failure to obey a court order, and/or failure to prosecute**." (Doc. 6 at 9; emphasis in original). Plaintiff was adequately forewarned that the failure to timely file an amended complaint could result in terminating sanctions.

The undersigned will, therefore, recommend that Plaintiff's complaint be dismissed with prejudice for lack of subject matter jurisdiction, failure to obey this Court's order, and failure to prosecute.

///

### III. Order and Recommendation

The Clerk of the Court is directed to randomly assign a District Judge to this action.

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion to protect rights (Doc. 7) is DENIED.

And IT IS HEREBY RECOMMENDED that this action be dismissed, with prejudice, for failure to establish this Court's subject matter jurisdiction, failure to obey a Court order, and failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown.  The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number.  Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **July 10, 2025**                              UNITED STATES MAGISTRATE JUDGE